UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Roland Larson,
    Petitioner

    v.                                      Civil No. 08-cv-85-SM
                                            Opinion No. 2008 DNH 067
United States of America,
    Respondent

**O R D E R**

Petitioner pled guilty to and was convicted of kidnaping
(18 U.S.C. § 1201(a)(1)) and interstate domestic violence
(18 U.S.C. § 2261(a)).  Concurrent sentences of 120 months
imprisonment were imposed on each count.  Judgment was entered on
October 9, 2002.  No appeal was taken.

Petitioner previously filed for federal habeas relief, under
the provisions of 28 U.S.C. § 2241.  Larson v. United States, No.
07-cv-384-SM.  That petition was dismissed (Order, dated January
4, 2008) because, to the extent he sought § 2241 relief related
to the execution of his sentence, rather than its legality, the
petition was filed in the wrong court.  Petitioner was also
informed that, if he had intended to seek relief under § 2255,
rather than § 2241, then, as a § 2255 petition, the 1-year

limitations period made it untimely.  28 U.S.C. § 2255 Para.
6(1).

Nevertheless, petitioner has now re-filed his § 2241
petition as a § 2255 application, raising the same grounds as in
the earlier one — i.e., that his guilty pleas were coerced by his
defense counsel, his pleas were improvidently entered; and, he
was not competent at the time he offered his guilty pleas.  The
applicable 1-year limitations period expired on October 24, 2002.
This petition is more than five years too late.

Petitioner does make a vague plea for equitable tolling to
avoid the untimeliness of his petition, writing:

> "Did not discover facts supporting claims until
> November of 2007 when I found pro-bono consultant.
> Jonathan Saxe refused to challenge sentence imposed,
> despite requests (see exhibits).  Equitable tolling
> should be considered "because of the extraordinary
> circumstances["] that were beyond my control and
> unavoidable, even with due [diligence].  I only read
> and comprehend at 3rd Grade level, which the government
> concealed.  (See Sandvik v. United States, 177 F.3d
> 1269, 1271 (11th Cir. 1999)."

Equitable tolling, however, is the exception, not the rule,
and is granted only where exceptional circumstances prevented a
timely filing, despite the exercise of due diligence.  That is
clearly not the case here.  The factors courts consider in

deciding whether equitable tolling ought to be applied in the habeas context include:  petitioner's own diligence in pursuing relief; the existence of extraordinary circumstances; any prejudice that might be experienced by the prosecution; whether the claims to relief are of dubious merit; and whether the case involves the death penalty.  See Trapp v. Spencer, 479 F.3d 53, 61 (1st Cir. 2007).

Petitioner says his defense counsel "refused to challenge [the] sentence imposed despite requests (see exhibits).  But the exhibits he attaches show just the opposite — that petitioner intentionally chose not to file a direct appeal, and was advised to contact counsel about possibly filing a § 2255 petition long before the limitations period ran.  Petitioner also claims he reads and comprehends at only a 3rd grade level.  But even if that is true, it is not an extraordinary circumstance justifying a five year delay in filing his petition.  Finally, petitioner says he "did not discover facts supporting [his] claims until November of 2007" when he "found [a] pro bono consultant," but he does not say what those facts were, and does not state why those facts were not subject to earlier discovery through the exercise of due diligence.

Petitioner has not pled or shown facts from which one might find that he exercised due diligence, or that extraordinary circumstances prevented him from filing a timely petition.

### Conclusion

The petition is dismissed as untimely.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

April 1, 2008

cc:  Roland Larson, <u>pro</u> <u>se</u>